UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

TYRONE PRICE,

    Petitioner,

V.

JOHN GILLEY, Warden,

    Respondent.

Civil Action No. 6: 21-171-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Tyrone Price has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]  The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Price's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

In July 2015, Price was indicted in Detroit, Michigan for his role in gang-related activity involving murder, robbery, drug trafficking and assault with a firearm.  Price later reached an agreement with the government to plead guilty to three of the counts, two for

assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and another for the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Specifically, Price acknowledged that he and other members of the Vice Lords gang collectively hunted down two former members of the gang, then another gang member fired 23 rounds at them from an AK-47 assault rifle, hitting both former gang members and their mother and sister. As part of the plea agreement, Price acknowledged that he faced a mandatory consecutive term of 120 months imprisonment on the Section 924(c) count and a guidelines range of 41-51 months on the two Section 1959 counts. During the plea hearing, Price admitted that he was guilty of those crimes, and he himself explained what he had done to commit those offenses.

On August 29, 2016, Price was sentenced below the applicable guidelines range, to 20 months imprisonment on the two assault convictions and to a consecutive 120-month term of imprisonment on the Section 924(c) count. Price did not appeal. On April 27, 2017, Price filed his initial motion pursuant to 28 U.S.C. § 2255 to vacate his conviction. The trial court denied Price's § 2255 motion on December 13, 2018. Price filed an untimely notice of appeal, so the Sixth Circuit dismissed his appeal for lack of jurisdiction on May 2, 2019. Price filed several additional post-conviction motions seeking relief from his conviction and sentence, without success. *United States v. Price*, No. 2:15-CR-20472-DML-MKM-3 (E.D. Mich. 2015) [R. 1, 219, 319, 350, 376 at 22-28, 399, 402, 412, 419, 437, 440, 446, , 554 therein]

Discerning the precise nature of the claims Price asserts in his Section 2241 petition is somewhat difficult in light of the confused and overlapping nature of his

2

arguments. But at bottom, Price contends that his convictions under Section 1959(a)(3) and Section 924(c) are invalid because Michigan's offense of assault with a dangerous weapon is not a "crime of violence," and that his guilty plea was not knowing because he was misinformed about the nature of the charged against him. In support of his claims, Price refers to a handful of Supreme Court decisions, primarily *Mathis v. United States*, 579 U.S. 500, 505 (2016), *Dean v. United States*, 137 S. Ct. 1170 (2017), and *Borden v. United States*, 141 S. Ct. 1817 (2021). He also refers to decisions by various federal courts of appeal. *See* [R. 1, R. 7]

The Court must dismiss Price's petition because his claims are not cognizable in a § 2241 proceeding. A § 2241 petition is reserved for challenges to decisions made within the prison walls that affect the duration of the prisoner's sentence, such as when prison officials compute sentence credits, revoke good conduct time, or determine parole eligibility. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021); *Terrell v. United States*, 564 F. 3d 442, 447 (6th Cir. 2009). In contrast, a § 2255 motion filed in the sentencing court constitutes "the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495; *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003). Generally a prisoner may not challenge his conviction or sentence by filing a § 2241 petition, which is not an additional or alternative remedy to a § 2255 motion. *Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

There is an exception to this rule, but it is extraordinarily narrow. 28 U.S.C. § 2255(e) permits a prisoner to file a § 2241 petition to challenge his conviction or sentence only if the remedy provided by § 2255 is structurally "inadequate or ineffective"

3

to seek relief. *Taylor*, 990 F.3d at 496. That test is not satisfied simply because the remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Instead, a prisoner wishing to petition under § 2241 for these purposes must point to a new decision of the United States Supreme Court which establishes, as a matter of statutory interpretation, either that his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because one or more of his prior convictions could not be properly used to enhance it, *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

The prisoner must rely upon a Supreme Court decision; a decision from a lower court or a federal court of appeals will not suffice. *Hueso v. Barnhart*, 948 F.3d 324, 334-35 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020). The Supreme Court decision relied upon must be retroactively applicable to cases on collateral review. *Hill*, 836 F. 3d at 595. Finally, to properly invoke § 2241 the prisoner must demonstrate that he had no prior reasonable opportunity, either on direct appeal or in an initial § 2255 motion, to make his argument that "a new Supreme Court case hints his conviction or sentence may be defective." *Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019). If the prisoner's § 2241 petition fails to satisfy these criteria, the habeas court lacks jurisdiction to entertain it. *Taylor*, 990 F. 3d at 499.

In light of the foregoing, the Court lacks jurisdiction under Section 2241 to consider Price's claim that his guilty plea was unknowing. That is a claim of trial error which Price

4

must have pursued on direct appeal or in an initial motion under § 2255. *Cf. Futch v. Holland*, 464 F. App'x 516, 517 (6th Cir. 2012); *Deleo v. Quintana*, No. 18-5060, 2018 WL 11223368, at *2 (6th Cir. June 28, 2018); *Holcomb v. Tamez*, 464 F. App'x 343 (5th Cir. 2012). And, in any event, it is a claim of legal insufficiency, not factual innocence, and is therefore not cognizable in this proceeding. *Wooten*, 677 F.3d at 307. The continuing validity of Price's plea agreement also dooms his substantive challenges to his convictions: by pleading guilty, Price admitted to all of the facts essential to sustain his conviction. *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

The Court also lacks jurisdiction to consider his claims challenging the validity of his convictions under Sections 1959(a)(3) and 924(c). All of the Supreme Court cases upon which Price relies, save for one, were decided before Price filed his initial § 2255 motion on April 27, 2017, and well before his motion was decided eighteen months later. The Supreme Court decided *Mathis* on June 23, 2016, and its decision in *Dean* was entered on April 3, 2017. Price therefore cannot establish that he had no prior reasonable opportunity to assert these claims. Thus he cannot raise them for the first time at this late juncture. *See Wright*, 939 F.3d at 703. Also as noted above, Price points to several appeals court decisions applying *Mathis*, but a decision by a federal court of appeals will not suffice to invoke Section 2241. *Hueso*, 948 F.3d at 334-35.

The one exception is *Borden*, which the Supreme Court decided in 2021. In that case the Supreme Court held that if an offense only requires a *mens rea* of recklessness –

5

not purposeful or knowing conduct – it cannot qualify as a "violent felony" for purposes of the sentencing enhancement found in 18 U.S.C. § 924(e). *Borden*, 141 S. Ct. at 1821, 1826-27. Relying on *Borden*, Price argues that the offense underlying his Section 1959(a)(3) and 924(c) convictions, assault with a dangerous weapon under Mich. Comp. Law 750.82(1),[1] a crime he argues does not qualify as a "crime of violence" because the offense only requires a *mens rea* of recklessness. But that is clearly wrong. The Michigan Supreme Court has long held that a conviction for felonious assault under the statute requires *intentional* conduct. *See People v. Jackson*, 790 N.W.2d 340, 343 n.2 (Mich. 2010) ("The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.") (cleaned up). The Sixth Circuit has directly held that "there is no way to [commit Michigan felonious assault] without intentionally attempting or threatening physical force against another person with a dangerous weapon." *United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017). That conclusion remains true after *Borden* because "Michigan courts have long held that 'felonious assault is a specific intent crime,' requiring 'either an intent to injure or an intent to put [the] victim in reasonable fear or apprehension of an immediate battery.'" *United States v. Kaczmarek*, No. 1:21-CR-20155, 2021 WL 5494779, at *2 (E.D. Mich. Nov. 22, 2021) (*quoting People v. Polk*, 333 N.W.2d 499, 500–01 (Mich. Ct. App. 1982)). Because assault with a dangerous

---

[1] The Michigan statute provides that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years."

weapon is a specific intent crime under Michigan law, Price's underlying offense properly qualified as a "crime of violence."

Likewise, a "conviction under 18 U.S.C. § 1959(a)(3) constitutes a 'crime of violence' within the meaning of § 924(c)(3)." *Manners v. United States*, 947 F.3d 377, 382 (6th Cir. 2020). This also remains true after *Borden*. *Cf. Kinard v. United States*, No. 3:21-CV-00161-GCM, 2021 WL 5099596, at *5 (W.D.N.C. Nov. 2, 2021). The result also remains the same even though Price pleaded guilty as an aider and abettor. *Cf. United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) ("Aiding and abetting a crime of violence is also categorically a crime of violence.").

For each of these reasons, Price's petition must be dismissed for lack of jurisdiction.

Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** Price's motion for the Court to expedite consideration of his petition [R. 8] for administrative purposes.

2. The Court **GRANTS** Price's motion to file supplemental materials in support of his petition [R. 7]

3. The Court **DISMISSES** Price's petition for a writ of habeas corpus [R. 1] for lack of jurisdiction.

4. The Court **DIRECTS** the Clerk to strike this matter from the docket.

Entered: July 5, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

7